**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

Ivan Velazquez, Enrique Aguiran Belem, Dorian Arteaga, Jose Marcos Estrada Acosta, Adislao Zamarripa Mendoza, Ismael Alarcon-Miranda, Rufino Balandran Rojas, Octavio Sanchez, Mario Garcia Cumplido, Victor Jahen Melo, Hugo Estrada-Acosta, Brian Arteaga Orozco, Gaudencio Landero-Lopez, Victor Ceja-Martinez, Edgar Vez Romero, Sergio Mendez Dominguez, Everardo Gomez, Jose Juan Hernandez-Tinajero, Juan Velazquez-Diaz, Maximo Antonio Vargas-Velazquez, Olsvaldo Tinajero, Juan C Parra, Jose A Rodriquez, Felipe Gomez, Rene Castellanos, Concepcion Caballero Santellan, individually and on behalf of other employees similarly situated, Plaintiffs

v.

Pugsley & LaHaie Landscaping, LLC, Apex Landscaping, LLC, and Robert Atwater, individually, Defendants

## **COMPLAINT**

Plaintiffs Ivan Velazquez, Enrique Aguiran Belem, Dorian Arteaga, Jose Marcos Estrada Acosta, Adislao Zamarripa Mendoza, Ismael Alarcon-Miranda, Rufino Balandran Rojas, Octavio Sanchez, Mario Garcia Cumplido, Victor Jahen Melo, Hugo Estrada-Acosta, Brian Arteaga Orozco, Gaudencio Landero-Lopez, Victor Ceja-Martinez, Edgar Vez Romero, Sergio Mendez Dominguez, Everardo Gomez, Jose Juan Hernandez-Tinajero, Juan Velazquez-Diaz, Maximo Antonio Vargas-Velazquez, Olsvaldo Tinajero, Juan C Parra, Jose A Rodriquez, Felipe Gomez, Rene Castellanos, Concepcion Caballero Santellan, individually and on behalf of other persons similarly situated, known and unknown, through counsel, and for their complaint against Pugsley & LaHaie Landscaping, LLC ("Pugsley"), Apex Landscaping, LLC ("Apex"), Richard Greenswag ("Greenswag"), Individually, and Robert Atwater, individually, (referred to collectively as "Defendants") state as follows:

## INTRODUCTION

1. This action seeks redress for Defendants' failure to pay Plaintiffs and other similarly situated current and former employees all of their earned wages. Plaintiffs and the persons they seek to represent are Defendants' current and former laborer employees performing landscaping job functions (landscapers) throughout Illinois.

2. Defendants failed to pay its landscapers all of their earned wages for loading and unloading trucks, travel time between job sites, and travel time from the last job site each day to the Defendants' shop located at 24414 N. Old McHenry Rd., Lake Zurich, Illinois as required by Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, (FLSA) and the Illinois Minimum Wage Law, 820 ILCS §105/1, *et seq.*, (IMWL).

3. Upon information and belief, Defendants have failed to keep proper time records tracking all of Plaintiffs' time worked.

4. Defendants failed to pay its landscapers all of their earned wages at a prevailing wage rate as required by the Illinois Prevailing Wage Act, 820 ILCS §130/0.01 *et seq.*, (IPWA).

5. Defendants failed to pay its landscapers all of their earned wages as required by the Illinois Wage Payment and Collection Act, 820 ILCS §115/4 *et seq.*, (IWPCA).

## JURISDICTION AND VENUE

6. 28 U.S.C. §1331 provides the Court jurisdiction over Plaintiffs' FLSA claims.

7. 28 U.S.C. §1337 provides the Court supplemental jurisdiction over Plaintiffs' state claims.

8. Venue is properly placed in this judicial district because the facts and events giving rise to Plaintiffs' claims occurred in this judicial district.

## THE PARTIES

9. Plaintiffs reside in and are domiciled within this judicial district.

10. During the course of their employment, Plaintiffs' work activities engaged them individually in commerce.

11. During the course of their employment, Plaintiffs handled goods including trees, plants, and tools that moved or were intended to move in interstate commerce.

12. Each Plaintiff was Defendants' employee during the past 3 years as defined by the FLSA.

13. Each Plaintiff was Defendants' employee during the past 3 years as defined by the IMWL.

14. Each Plaintiff was Defendants' employee during the past 3 years as defined by the IPWA.

15. Each Plaintiff was Defendants' employee during the past 10 years as defined by the IWPCA.

16. Each Defendant was Plaintiffs' employer during the past 3 years as defined by the FLSA.

17. Each Defendant was Plaintiffs' employer during the past 3 years as defined by the IMWL.

18. Each Defendant was Plaintiffs' employer during the past 3 years as defined by the IPWA.

19. Each Defendant was Plaintiffs' employer during the past 10 years as defined by the IWPCA.

20. Defendants Apex Landscaping, LLC and Pugsley & LaHaie Landscaping, LLC are entities doing business jointly within this judicial district and are an "enterprise" as defined by the FLSA, 29 U.S.C. §203(r)(1), engaged in commerce within the meaning of 29 U.S.C. §203(s)(1)(A).

21. Defendants have annual gross sales that exceed $500,000.00.

22. Defendant Robert Atwater is the owner of Apex Landscaping, LLC and Pugsley & LaHaie Landscaping, LLC.

23. Defendant Robert Atwater is involved in the day-to-day business operations of Apex Landscaping, LLC and Pugsley & LaHaie Landscaping, LLC and has the authority to hire

and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the business's checking accounts, including payroll accounts, and has the authority to participate in decisions regarding employee compensation and capital expenditures.

24. Defendant Robert Atwater resides and is domiciled in this judicial district.

## COUNT I:
## FLSA (Overtime Wage) Violation, §216(b) Collective Action

25. Plaintiffs incorporate all above paragraphs.

26. This count arises from Defendant's failure to pay its landscapers all of their earned overtime wages for loading and unloading trucks, travel time between job sites, and travel time from the last job site each day to the Defendants' shop located at 24414 N. Old McHenry Rd., Lake Zurich, Illinois in violation of the FLSA.

27. Plaintiffs were not exempt from the FLSA.

28. Defendant's FLSA violations were willful.

29. Plaintiffs bring this claim as a collective action pursuant to 29 U.S.C. §216(b).

30. Plaintiffs' FLSA collective action consent forms are attached hereto as Exhibit A.

31. Plaintiffs and other similarly-situated persons are due unpaid overtime wages and liquidated damages.

WHEREFORE, the Plaintiffs request judgment against Defendants as follows:

A. the amount of the owed overtime wages for all time worked by Plaintiffs and similarly situated persons;

B. liquidated damages in an amount equal to the amount of unpaid overtime wages;

C. reasonable attorneys' fees and costs incurred in prosecuting this action; and

D. such other relief as this Court deems just.

## COUNT II:
## IMWL (Overtime Wage) Violation, Class Action

32. Plaintiffs incorporate all above paragraphs.

33. This count arises from Defendant's failure to pay its landscapers all of their earned overtime wages for loading and unloading trucks, travel time between job sites, and travel time from the last job site each day to the Defendants' shop located at 24414 N. Old McHenry Rd., Lake Zurich, Illinois in violation of the IMWL.

34. Plaintiffs seek to represent a class of Defendants' other current and former landscapers who are due, and who have not been paid, overtime wages under the provisions of the IMWL.

35. Plaintiffs bring this count as a class action under Fed.R.Civ.P. 23.

36. Defendants have employed more than forty (40) individuals in similar positions in the State of Illinois in the last three (3) years.

37. This count is brought as a class action because the proposed class members similarly-situated to Plaintiffs are so numerous that joinder of all members is impracticable. Therefore, Plaintiffs bring this action on their own behalf and on behalf of other aggrieved employees, in their representative capacity, against Defendants.

38. Plaintiffs and other landscapers are equally affected by Defendants' overtime wage violations, and the relief sought is for the benefit of the Plaintiffs named in this lawsuit and the class that Plaintiffs seek to represent.

39. The issues involved in this lawsuit present common questions of law and fact. These common questions of law and fact predominate over the variations which may exist between members of the class, if any.

40. Plaintiffs and the proposed class of landscapers on one hand, and Defendants on the other, have a commonality of interest in the subject matter and remedy sought: owed overtime wages plus penalties, interest, attorneys' fees, and the cost of this lawsuit.

41. Plaintiffs believe and assert that they are able to fairly and adequately represent and protect the interests of the class.

42. If individual actions were required to be brought by each of the similarly-situated persons injured or affected, it would necessarily result in a multiplicity of lawsuits and would create a hardship to the individuals, to the Court, and to Defendants. Thus, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

43. Defendants violated the IMWL by failing to compensate Plaintiffs and members of the class consistent with the IMWL's overtime wage provisions.

44. Pursuant to 820 ILCS 105/12(a), affected employees are entitled to recover unpaid wages for three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of underpayment.

WHEREFORE, the Plaintiffs and the class request judgment against the Defendants as follows:

A. the amount of all unpaid overtime wages due to Plaintiffs as provided by the IMWL;

B. prejudgment interest on the back wages in accordance with 815 ILCS §205/2 and punitive damages pursuant to the formula set forth in 815 ILCS §105/12(a);

C. reasonable attorneys' fees and costs of this action as provided by the IMWL;

D. an injunction precluding Defendants from violating the IMWL; and

E. such other relief as this Court deems just.

## COUNT III:
### IPWA (Prevailing Wage Rate) Violation, Class Action

45. Plaintiffs incorporate all above paragraphs.

46. This count arises from Defendants' violation of the IPWA, for paying Plaintiffs and the class of landscapers that they seek to represent less than the general prevailing wage rate.

47. Plaintiffs seek to represent a class of Defendants' other current and former landscapers who are due, and who were paid less than the general prevailing wage rate.

48. Plaintiffs bring this count as a class action under Fed.R.Civ.P. 23.

49. Defendants have employed more than forty (40) individuals in similar positions in the State of Illinois in the last three (3) years.

50. This count is brought as a class action because the proposed class members similarly-situated to Plaintiffs are so numerous that joinder of all members is impracticable. Therefore, Plaintiffs bring this action on their own behalf and on behalf of other aggrieved employees, in their representative capacity, against Defendants.

51. Plaintiffs and other landscapers are equally affected by Defendants' prevailing wage rate violations, and the relief sought is for the benefit of the Plaintiffs named in this lawsuit and the class that Plaintiffs seek to represent.

52. The issues involved in this lawsuit present common questions of law and fact. These common questions of law and fact predominate over the variations which may exist between members of the class, if any.

53. Plaintiffs and the proposed class of landscapers on one hand, and Defendants on the other, have a commonality of interest in the subject matter and remedy sought: owed prevailing rate wages plus penalties, interest, attorneys' fees, and the cost of this lawsuit.

54. Plaintiffs believe and assert that they are able to fairly and adequately represent and protect the interests of the class.

55. If individual actions were required to be brought by each of the similarly-situated persons injured or affected, it would necessarily result in a multiplicity of lawsuits and would create a hardship to the individuals, to the Court, and to Defendants. Thus, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

56. Defendants violated the IPWA by failing to compensate Plaintiffs and members of the class consistent with the IPWA's prevailing wage rate provisions.

57. Pursuant to 820 ILCS §130/11, laborers, such as Plaintiffs, who are not compensated at the general prevailing rate of hourly wages, are entitled to recover the difference between the wages paid and the prevailing rate of hourly wages, plus punitive damages in the amount of two percent (2 %) per month of the amount of any penalty to the State of Illinois.

WHEREFORE, the Plaintiffs and the class request judgment against the Defendants as follows:

A.  the amount of all unpaid overtime wages due to Plaintiffs as provided by the IMWL;

B.  prejudgment interest in accordance with 820 ILCS §130/11;

C.  reasonable attorneys' fees and costs of this action as provided by the IWPA;

D.  an injunction precluding Defendants from violating the IWPA; and

E.  such other relief as this Court deems just.

## COUNT IV:
### IWPCA (Unpaid Wage) Violation, Class Action

58. Plaintiffs incorporate all above paragraphs.

59. This count arises from Defendants' violation of the IWPCA, for Defendants' failure to pay Plaintiffs and the class of landscapers that they seek to represent all earned wages.

60. Plaintiffs seek to represent a class of Defendants' other current and former landscapers who are due, and who were not paid all earned wages.

61. Plaintiffs bring this count as a class action under Fed.R.Civ.P. 23.

62. Defendants have employed more than forty (40) individuals in similar positions in the State of Illinois in the last three (10) years.

63. This count is brought as a class action because the proposed class members similarly-situated to Plaintiffs are so numerous that joinder of all members is impracticable. Therefore, Plaintiffs bring this action on their own behalf and on behalf of other aggrieved employees, in their representative capacity, against Defendants.

64. Plaintiffs and other landscapers are equally affected by Defendants' unpaid wage violations, and the relief sought is for the benefit of the Plaintiffs named in this lawsuit and the class that Plaintiffs seek to represent.

65. The issues involved in this lawsuit present common questions of law and fact. These common questions of law and fact predominate over the variations which may exist between members of the class, if any.

66. Plaintiffs and the proposed class of landscapers on one hand, and Defendants on the other, have a commonality of interest in the subject matter and remedy sought: owed unpaid wages plus penalties, interest, attorneys' fees, and the cost of this lawsuit.

67. Plaintiffs believe and assert that they are able to fairly and adequately represent and protect the interests of the class.

68. If individual actions were required to be brought by each of the similarly-situated persons injured or affected, it would necessarily result in a multiplicity of lawsuits and would create a hardship to the individuals, to the Court, and to Defendants. Thus, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

69. Defendants violated the IWPCA by failing to compensate Plaintiffs and members of the class consistent with the IWPCA's wage provisions.

70. Pursuant to 820 ILCS §115/14(a), Plaintiffs, who were not timely paid wages, final compensation, or wage supplements by Defendants are entitled to the amount of any such underpayments and damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid.

71. Pursuant to 820 ILCS §115/14(a), Plaintiffs, are also entitled to recover costs and all reasonable attorney's fees.

WHEREFORE, the Plaintiffs and the class request judgment against the Defendants as follows:

A. the amount of all unpaid wages due to Plaintiffs as provided by the IWPCA;

B. prejudgment interest in accordance with 820 ILCS §115/14(a);

C. reasonable attorneys' fees and costs in accordance with 820 ILCS §115/14(a); and

D. such other relief as this Court deems just.

January 25, 2016

Respectfully submitted,

**/s/ Valentin T. Narvaez**
One of Plaintiffs' Attorneys

Valentin T. Narvaez
vnarvaez@yourclg.com

Consumer Law Group, LLC
6232 N. Pulaski, Suite 200
Chicago, IL 60646
312-878-1302